UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL DAMON HENDRIX,<br><br>                         Plaintiff,<br>   v.<br><br>LORIN FISHMAN, *et al.*,<br><br>                       Defendants. | Case No. 3:23-cv-00536-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

Plaintiff Jamal Damon Hendrix brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center. (ECF No. 1-1.) On December 22, 2023, this Court ordered Hendrix to file an amended complaint by January 21, 2024. (ECF No. 3.) The Court warned Hendrix that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 6.)

The Court's order came back as undeliverable to Hendrix's address, and according to Nevada Department of Corrections records, Hendrix is no longer incarcerated. (ECF No. 5.) Hendrix has not filed an updated address in this case. However, the Court is aware that Hendrix filed a motion to dismiss a different case, and in that motion, Hendrix included an updated address. (*See* Case No. 3:23-cv-00637-MMD-CLB, ECF No. 5.) In light of that motion, the Court issued another order directing that a copy of the Court's previous order be sent to the address that Hendrix provided in his other case, and the Court extended the deadline for Hendrix to file an amended complaint to February 23, 2024. (ECF No. 7.) That extended deadline has expired, and Hendrix has not filed an updated address in this case, file an amended complaint, moved for an extension, or otherwise responded to the Court's orders. The Court thus dismisses this case without prejudice.

## II.     DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Hendrix's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

"implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Hendrix files an amended complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: Hendrix has not filed an updated address, and it is not clear whether he has received the Court's orders. Either he received the Court's latest order and has not complied, or he is not able to receive mail at the only address the Court has for him. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

### III.  CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Hendrix's failure to file an amended complaint in compliance with this Court's December 22, 2023, and January 22, 2024, orders.

It is further ordered that Hendrix's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The Clerk of Court is further directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Hendrix wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 3rd Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE